## NEW YORK SUPERIOR COURT.

### ELIZA McKEON agt. WILLIAM S. LEE.

An *injunction* will issue to restrain a defendant from using or running his factory
(steam engine for marble work) which he has built closely adjoining the plain-
tiff's premises, where it is shown that the plaintiff's premises are injured by the
vibration of the defendant's building when the machinery is in motion.

*New York Special Term, November,* 1864.

THIS action was brought to recover the amount of dam-
ages alleged in the complaint to have been done to premi-
ses of the plaintiff by the steam engine and machinery of
the defendant's marble works adjoining the same, and to
obtain an injunction against the continuation of the injury.

BARBOUR, J.   The evidence shows that the plaintiff is
the owner of two well constructed brick houses adjoining
each other in Bleecker street, three stories in height;
that some time after those houses were built the defendant
erected a five story brick building upon a lot adjoining the
same, placing the southerly wall thereof, against and in
contact with the northerly wall of one of the plaintiff's
houses, and occupied and used the same as a steam mill for
sawing marble, and for other manufacturing purposes, and
still continues to do so; that the movements of defendant's
steam engine and machinery cause a great vibration in the
body of his building, and that the same is by means of the
contiguous walls, communicated to the plaintiff's houses,
where such vibration has been and is so great as to shake
down the ceilings and loosen the walls of the houses, and
otherwise greatly injure them, and to render them unsafe
and uncomfortable to such an extent that their value for
sale and for occupation has been lessened some forty or fifty
per cent.

From these facts it seems evident that the defendant has
not only disregarded the maxim "*sic utere tuo ut alienum*

NEW YORK PRACTICE REPORTS. 239

*non lædas,*" but also that other great rule in equity, which requires every man to do by others as he might properly desire them to do by him were their relative conditions reversed. For if he had not placed his wall in actual contact with that of the plaintiff, but had left a space of no more than half an inch between the two, it is hardly probable that any vibration would have been communicated to the houses of the latter, of which she would have a right to complain.

The plaintiff must have judgment directing an injunction.